IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DALIYL RAA'ID MUHAMMAD,** | : | CIVIL ACTION NO. 1:08-CV-1287 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **SUPERINTENDENT JAY LANE,** | : | |
| **PA STATE ATTORNEY GENERAL,** | : | |
| **DISTRICT ATTORNEY OF DAUPHIN** | : | |
| **COUNTY,** | : | |
| **Respondents** | : | |

## MEMORANDUM

Petitioner Daliyl Raa'id Muhammad ("Muhammad"), an inmate confined at the State Correctional Institution, Coal Township, initiated this habeas action pursuant to 28 U.S.C. § 2254. (Doc. 1). On March 29, 2019, the court issued a memorandum and order denying the habeas petition. (Docs. 59, 60). Presently before the court is Muhammad's Rule 60(b) motion for relief from judgment. (Doc. 68). For the reasons set forth below, the court will dismiss the motion.

**I.   Background**

On July 7, 2008, Muhammad filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence entered in the Court of Common Pleas of Dauphin County, Pennsylvania for attempted murder, robbery, conspiracy, aggravated assault, escape, and related charges. (Doc. 1). On March 20, 2009, the court granted Muhammad's motion to stay and determined that it was appropriate to stay this matter in accordance with the stay and abeyance rule announced in Crews v. Horn, 360 F.3d 146, 151 (3d Cir. 2004). (Doc. 21).

Muhammad subsequently filed a motion to reopen the case and a motion to amend the habeas petition. (Docs. 26, 27). Upon review, the court reopened this action and granted the motion to file an amended habeas petition. (Doc. 28).

On March 29, 2019, we denied the habeas petition. (Docs. 59, 60). Muhammad filed an appeal to the United States Court of Appeals for the Third Circuit. (Doc. 61). On August 18, 2021, the Third Circuit Court of Appeals affirmed this court's March 29, 2019 order. (Docs. 66, 67; Muhammad v. Superintendent Fayette SCI, *et al.*, No. 19-1905 (3d Cir. Aug. 18, 2021)).

Muhammad now moves, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (3), to set aside or correct the March 29, 2019 memorandum and order. (Doc. 68).

II. **Discussion**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party

FED. R. CIV. P. 60(b)(1), (3).  Muhammad cites Rule 60(b)(1) and (3) in support of his motion.  (See Doc. 68 at 2 (stating that he is moving under "specifically grounds 60(b)(1) and 60(b)(3)")).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  FED. R. CIV. P. 60(c)(1).  Muhammad filed the instant motion on January 18, 2022, seeking relief from the court's March 29, 2019 order.  It is clear that Muhammad filed his motion more than one year after the court denied his habeas petition.  Thus, Muhammad's motion seeking relief under Rule 60(b)(1) and (3) is untimely and will be dismissed.  See Gonzalez, 545 U.S at 542 n.3 (Stevens, J., dissenting) (there is a "strict 1-year limitation that applies to motions under Rules 60(b)(1)-(3)").

### III.   Conclusion

We will dismiss Muhammad's Rule 60(b) motion for relief from judgment.  (Doc. 68).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:       May 5, 2022